UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

LISA FONSECA-DEPINA,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., A
LIBERIAN CORPORATION D/B/A ROYAL
CARIBBEAN CRUISE LINE AND/OR
ROYAL CARIBBEAN INTERNATIONAL,

        Defendant.
_____/

## COMPLAINT

The Plaintiff, LISA FONSECA-DEPINA, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, d/b/a ROYAL CARIBBEAN CRUISE LINE and ROYAL CARIBBEAN INTERNATIONAL (hereinafter referred to as ROYAL CARIBBEAN, the Defendant, or the cruise line), and files this Complaint and alleges:

### THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332,

as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. **THE PLAINTIFF**. The Plaintiff, LISA FONSECA-DEPINA, is sui juris and is a citizen and resident of Massachusetts.

4. **THE DEFENDANT**. The Defendant, ROYAL CARIBBEAN is a foreign corporation, incorporated in Liberia, is authorized to conduct and does conduct business in the State of Florida, has its principal place of business in Miami-Dade County, Florida, is a citizen of the State of Florida, and at all times material hereto, was and is doing business in Miami-Dade County, Florida, and is sui juris. At all times material hereto, the Defendant owned and/or operated the cruise ship and operated and organized the cruise on which the subject negligence occurred.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on October 6, 2016.

8. **LOCATION OF INCIDENT.** The Plaintiff was a passenger of the vessel ROYAL CARIBBEAN, *Oasis of the Seas*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by General Maritime Law. Specifically, the subject incident inside the women's restroom on Deck 16 just outside of the Windjammer Café.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. ROYAL CARIBBEAN is in possession of the Passenger Contract Ticket.

10. **DESCRIPTION OF THE INCIDENT**.   The cruise line knows that passengers on a repetitive, continuous basis track water into public restrooms which are in or provided for the Windjammer Cafes, the main public eating area on all or most of the Royal Caribbean ships.  And the cruise line knows from prior incidents that the floors of those bathrooms are slippery when wet.

11. Yet, the cruise line did not inspect, clean, or warn passengers about the wet floor or about the unreasonable slipperiness of the wet floor in the ladies bathroom where this fall happened.  The cruise line chose not to inspect or clean this public restroom for an extended period of time, that is, for so long that the water was covering a large portion of the bathroom, that is, under one stall and around the sink outside of the stall, that the water on the floor at the edges of the water was dirty, that the water smelled of urine, and that the water had track marks through it.  The water, dirt, and track marks were not visible to the passengers as they entered the bathroom, including the plaintiff herein,

3

because of the dim lighting in the bathroom. The plaintiff saw the full extent of the water and the characteristics of the water only after she fell. And the Safety Officer onboard the ship after the plaintiff advised him of the fall, where it happened, and what happened, admitted that there is always water on the floor of this bathroom. Yet, it was only after this fall that the cruise line posted warning signs on the floor of this bathroom. As a result of the water on the floor of this bathroom, the unreasonable slipperiness of the floor when it was wet, and the dim lighting in the bathroom, the Plaintiff walked to the sink of the bathroom and slipped and fell on the tile floor in the large puddle which unbeknownst to the Plaintiff before she fell extended toward the sink area of the ladies bathroom.

12. The Plaintiff when she fell smashed her head against the floor or against a sink in the bathroom, knocked out front teeth which sliced through her face below the mouth, and was knocked unconscious. She has suffered permanent injuries including traumatic brain injury, lacerations and scarring to the face and head, and broken teeth.

## COUNT I
## NEGLIGENCE

13. The Plaintiff, LISA FONSECA-DEPINA, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 12, above.

14. This is an action for negligence. ROYAL CARIBBEAN has a reasonable duty of care under the circumstances to provide clean, dry, and safe flooring for its passengers to walk on, including inside of the ship's public restrooms. The circumstances are that ROYAL CARIBBEAN operates over twenty (20) cruise ships. On each and every ship there are Windjammer Cafés with public restrooms. ROYAL CARIBBEAN knows that the Windjammer Cafes and the decks on which the Windjammer Cafes are located are high traffic areas and that people track water into

these restrooms either from the pool, from the condensation, from spills, or from the cruise line personnel mopping the floors.  And the cruise line knows that there is a steady or repetitive condition of wetness in the Windjammer Café restrooms from the toilet and sink overflows and from various plumbing issues and leaks in those restrooms.  For these reasons, ROYAL CARIBBEAN knows that it is extremely important to inspect, clean, and warn people about these floors and to prevent the water from reaching the floors in these restrooms and to otherwise maintain these floors in a safe condition due to the significant amount of passenger traffic and because of any leaks, spills, and/or water accumulation inside the restrooms. Therefore, ROYAL CARIBBEAN's duty of care includes inspecting and cleaning up water and other foreign substances which gather on the floors of its restrooms. Royal Caribbean also knows that the selection of tile for these restrooms is critical to prevent slip and falls especially given the repetitive conditions of wetness on these floors.  Yet, the tile chosen was not sufficiently safe for these circumstances.

15. ROYAL CARIBBEAN knew or should have known of the wet and slippery condition on the floor of its women's restroom on October 6, 2016.  First, ROYAL CARIBBEAN has provided and operated public restroom facilities throughout its fleet since the inception of the cruise line. Second, ROYAL CARIBBEAN knows or should know that water frequently gathers and accumulates over time on the flooring of the ship's restrooms. The cruise line knows that the women's restroom near the Windjammer Café is located near the ship's water amenities and the café where the cruise line serves food and drink in an open buffet style.  Accordingly, ROYAL CARIBBEAN knows or should know that food and drink spills, condensation, water leaks, overflows, and spills occur often. The cruise line knows or should know that water tracked by passengers leaves the restroom floor in a wet and dangerously slick condition.  Third, ROYAL CARIBBEAN knows through other incidents

of passengers hurt on its cruise ships that its restroom floors, including the subject restroom flooring, become dangerously slick when wet. The cruise line knows it must regularly inspect, maintain, and clean its restrooms to avoid injury to passengers. ROYAL CARIBBEAN also cleans and mops the area on a regular basis. From that mopping, the cruise line knows that spills, water accumulation/condensation, and/or leaks occur on a regular basis creating a hazard for anyone using the women's restroom near the Windjammer Café. Because ROYAL CARIBBEAN cleans and mops with greasy, dirty water, the cruise line also knows that any foreign substance on the floor can easily spread if the area is not adequately dried and cordoned off with warning signs visibly posted after cleaning.

16. ROYAL CARIBBEAN either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

17. ROYAL CARIBBEAN had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition that is that the condition was a large area which the cruise line allowed to gather on the floor for an unreasonably long duration of time, and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care ROYAL CARIBBEAN should have known about it.

18. In the alternative, notice to ROYAL CARIBBEAN is not required because ROYAL CARIBBEAN (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations in the cleaning of its restrooms, including the subject

women's restroom on Deck 16 near the Windjammer Marketplace. Therefore, no notice to ROYAL CARIBBEAN is required.

19. ROYAL CARIBBEAN breached its duties by failing to properly clean and dry a wet and slippery walking surface inside the women's restroom near Windjammer Café; by failing to inspect, monitor, and promptly clean and dry the flooring in the women's restroom; by failing to maintain the restroom facility avoid leaks, overflows, spills, condensation, or tracking of water onto the floor; by failing to select a different, alternative, slip resistant, and safe flooring; by allowing a wet and slippery condition to accumulate on the flooring inside the women's restroom over an extended period of time without cleaning and drying the floor up; by failing to warn passengers of the slippery and dangerous condition of the subject area, and/or block or cordon it off; by choosing tiles or flooring which is not sufficiently safe or which is slippery under the circumstances, by cleaning and mopping with dirty, greasy water which spread the foreign substance on the floor and made it slippery; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to comply with the cruise line's own standards on cleaning, warning, and making safe its floors; and by failing to otherwise make safe the floor inside the women's restroom near Windjammer Café on October 6, 2016.

20. These breaches of ROYAL CARIBBEAN's duty of care under the circumstances proximately caused this incident, including the injuries and damages to the Plaintiff, LISA FONSECA-DEPINA. ROYAL CARIBBEAN's negligence caused the Plaintiff to slip and fall on October 6, 2016 in the women's restroom near Windjammer Cafe. Due to ROYAL CARIBBEAN's negligence, the Plaintiff struck her head/face and lost consciousness. ROYAL CARIBBEAN's negligence caused the Plaintiff severe, debilitating, and permanent injuries,

including but not necessarily limited to facial abrasions/scarring, dental injury, traumatic brain injury, concussion, neck pain/neck injury, headaches, and depression.

21. ROYAL CARIBBEAN's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, household, and other related expenses in the past and in the future, and loss of earnings in the past and loss of earning capacity in the future.  The injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands judgment  ROYAL CARIBBEAN for all damages to which she is entitled under the General Maritime Law and otherwise including but not limited to economic damages suffered in the past and in the future on a permanent basis by the Plaintiff including but not limited to expenses for medical and psychological care and treatment, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; non-economic damages including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; all court costs; all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law; and any and all other damages which the Court deems just and proper.

By: */s/ John H. Hickey*
**John H. Hickey, Esq.** (FBN 305081)

hickey@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3504
Tel. (305) 371-8000
Fax (305) 371-3542
*Attorneys for the Plaintiff*